

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5456

Re: Necessity of engineering
licenses for certain em-
ployees of Engineering
Division of Texas State
Board of Health.

In your letter dated July 1, 1943, you requested the opinion of this department whether certain employees of the Engineering Division of the Texas State Board of Health should be licensed professional engineers; and you were kind enough to supply us with a detailed description of the activities of your Engineering Division, together with an organization chart describing the duties of the engineers, chemists and directors in the ten sections of that Division. We have also read with interest the two pamphlets you enclosed, one entitled "Suggestions Regarding Preparation, Submission and Approval of Plans for Sewerage Systems," and the other, "Procedure for Submitting Plans Pertaining to Public Water Supplies - Water Purification Plants - Water Distribution Systems."

From the information supplied, we understand that the Engineering Division of the Texas State Board of Health is under the direct supervision and direction of a Technical Supervising Engineer and a Chief Engineer. These two men are registered professional engineers, licensed by the State Board of Registration for Professional Engineers. They supervise the work of ten sections entitled Coordinating Engineer for F.W.A. Projects, Malaria Control, Industrial Hygiene, Stream Pollution Control, Shell Fish Control, Salt Water Pollution Control, Dengue Control, Bedding Division, Community Sanitation and District Engineers. The employees in each of these sections report through the Chief Engineer to the Technical Supervising Engineer, who supervise the

Honorable Geo. W. Cox, page 2

work of all engineers, chemists, section supervisors and directors.

The work of these employees involves consultation, inspection and surveys, analyses, criticism and suggestions with the end of the improvement of the public health. In this connection, we note that:

"The Division of Sanitary Engineering does not prepare plans, specifications, contract documents and estimates, supervise and inspect the mechanical features of private and public utilities, structures, buildings, machines, equipment, processes, works or projects as defined in Section 2 of the Act referred to. Our inspection of structures is for the purpose of determining their sanitary and health functions. Construction plans, specifications and estimates for water works, sewers, water and sewage treatment plants, and other sanitary structures and devices are submitted to the Engineering Division for consultation, criticism, suggestions and review. We do not impress upon plans and specifications a seal of approval."

Under Section 1 of Article 3271A, V.A.C.S., it is unlawful for anyone to practice or offer to practice professional engineering without first securing a license as a professional engineer, or being exempt therefrom under the terms of the Engineering Registration Act.

Section 2 of the Act defines the practice of professional engineering as:

"The practice of professional engineering within the meaning and intent of this Act includes any professional service, such as consultation, investigation, evaluation, planning, designing, or responsible supervision of construction in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects, wherein the public welfare,

or the safeguarding of life, health or property is concerned or involved, when such professional service requires the application of engineering principles and interpretation of engineering data."

Subdivision (c) of Section 20 of the Act exempts from registration:

"An employee or a subordinate of a person holding a certificate of registration under this Act, * * * provided, his practice does not include responsible charge of design or supervision." (Emphasis supplied)

Clearly each of the employees described in your letter are subordinates of the Technical Supervising Engineer and the Chief Engineer, both of whom you state are Registered Professional Engineers. It follows that under Section 20 (c) of the Engineering Registration Act the employees are exempt from registration unless they have "responsible charge of design or supervision" of construction. Under the facts submitted the work of your Sanitary Engineering Division does not fall within the proviso underscored in the last quotation above. The Division does not prepare plans or specifications nor does it supervise the construction of buildings, works and processes.

It is, therefore, our opinion that under the facts submitted, the engineers, chemists and other employees of the Texas State Board of Health who work under the supervision of the Technical Supervising Engineer and the Chief Engineer are exempt from registration as professional engineers.

In accordance with the request contained in your letter, we are returning to you the "REGISTERED PROFESSIONAL ENGINEERS JULY 1942 ROSTER."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Jas. D. Smullen
Assistant

APPROVED AUG 6, 1943
FIRST ASSISTANT
ATTORNEY GENERAL

JDS:EP